IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| JASON KORICH, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| TEEN CHALLENGE OF FLORIDA, | ) | |
| INC. d/b/a TEEN CHALLENGE | ) | |
| SOUTHEAST | ) | |
| | ) | |
| Defendant. | | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Jason Korich, by and through undersigned counsel, and files this Complaint for Damages against Defendant Teen Challenge of Florida, Inc. d/b/a Teen Challenge Southeast ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

**PARTIES**

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified to do business in Georgia, and at all times material hereto, has conducted business within this District.

**ADMINISTRATIVE PREREQUISITES**

5.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC), alleging disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA").

6.

Upon Plaintiff's request, with respect to the above referenced EEOC Charge, the EEOC issued a "Notice of Right to Sue" on November 1, 2017, entitling an action to be commenced within ninety (90) days of receipt of that notice.

7.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

8.

Defendant has now, and at all times relevant hereto, has been an employer subject to the ADA.

9.

Plaintiff began his employment with Defendant on April 10, 2017 as a detail shop manager.

10.

Plaintiff suffers from a disability of which the employer had actual knowledge at all times relevant, specifically depression.

11.

On August 13, 2017, Plaintiff was admitted to the hospital due to his disability. On August 14, 2017, Plaintiff's wife informed Defendant that Plaintiff was in the hospital and explained the circumstances of Plaintiff's stay, including the nature of Plaintiff's disability and the relationship between Plaintiff's disability and his hospital stay.

12.

On August 16, 2017, Plaintiff called his superior, Director David Kinkaid, and advised that he had been released from the hospital that day and would be at work the following day.  During the same call, Director Kinkaid informed Plaintiff that he was terminated.

13.

The employer's reason(s) for Plaintiff's termination are pretext for unlawful discrimination because of my disability and in retaliation for Plaintiff engaging in protected activity.

14.

Defendant's alleged reason(s) for Plaintiff's termination is pretext for unlawful discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA").

15.

Plaintiff suffers from a disability, within the meaning of the ADA.

16.

Plaintiff sought a reasonable accommodation of recovery time for his disability which would not have posed an undue burden on Defendant.

17.

Defendant terminated Plaintiff because of his disability and/or need for an accomodation.

18.

In terminating Plaintiff's employment and failing to provide him with a reasonable accommodation under the ADA, Defendant discriminated against Plaintiff because of his disability.

19.

In terminating Plaintiff in response to his engaging in protected activity, Defendant retaliated against Plaintiff in violation of the ADA.

20.

Plaintiff has suffered, among other things, lost wages and emotional distress as a direct result of Defendant's unlawful actions.

## CLAIMS FOR RELIEF – COUNTS I & II

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT ("ADA")

## (ADA DISCRIMINATION AND RETALIATION)

21.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

22.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

23.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

24.

At times relevant to this action, Plaintiff has been an individual with a disability as that term has been defined by the ADA.

25.

At times relevant to this action, Defendant and all individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disability, including at the time of Defendant's termination of Plaintiff.

26.

Plaintiff's disability and/or need for a reasonable accommodation were determinative factors in Defendant's decision to terminate Plaintiff.

27.

At all times relevant, Plaintiff could perform the essential functions of his position with, or without a reasonable accommodation.

28.

Defendant "regarded" Plaintiff as having a "disability" under the ADA.

29.

In terminating Plaintiff and failing to provide him with a reasonable accommodation under the ADA, Defendant discriminated against Plaintiff because of his disability, thus violating Plaintiff's rights under the ADA entitling him to all appropriate relief thereunder.

30.

In terminating Plaintiff in response to his request for a reasonable accommodation, Defendant retaliated against Plaintiff in violation of the ADA.

31.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which he is entitled to recover from Defendant.

32.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Special damages for lost wages and benefits and prejudgment interest thereon;

(c)     Punitive damages;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues;

(f)     Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)        Injunctive relief of reinstatement, or front pay in lieu thereof,

and prohibiting Defendant from further unlawful conduct of the

type described herein; and

(i)        All other relief to which he may be entitled.

This 22nd day of November 2017.

BARRETT & FARAHANY

s/V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Jason Korich*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
vsroberts@justiceatwork.com